# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TATE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00770-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL, WITH PREJUDICE<br><br>(Doc. 14) |

　　　　On December 11, 2009, Plaintiff Larry Tate, a state prisoner proceeding pro se and in forma pauperis in this civil rights action, filed a motion requesting that the undersigned recuse himself and that this action be assigned solely to a United States district judge. Plaintiff's motion arises from his disagreement with the Court's screening order and his unfounded assertion that the screening order evidences bias against him.

　　　　Disqualification is required if a judge's impartiality might reasonably be questioned, or if the judge has a personal bias or prejudice for or against a party. Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)). Plaintiff's disagreement with the Court's judicial rulings in this case does not constitute a valid basis for a bias or partiality motion. In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (citing Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).

1 Plaintiff has not made the requisite showing, and his motion for recusal of the undersigned
2 is denied.
3 Further, Plaintiff consented to United States Magistrate Judge jurisdiction on August 12,
4 2009, and this action is assigned to the undersigned pursuant to Appendix A(k)(4) of the Local Rules
5 of the Eastern District of California. Plaintiff's disagreement with the Court's orders provides no
6 basis for the withdrawal of his earlier consent, and this case will remain assigned to the undersigned.
7 Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). Plaintiff's motion for reassignment to a district
8 judge is denied.
9 For the reasons set forth herein, Plaintiff's motion, filed December 11, 2009, is HEREBY
10 DENIED.

IT IS SO ORDERED.

Dated:   **December 16, 2009**                    /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE