1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TATE, | Case No. 1:09-cv-00770 JLT (PC) |
| Plaintiff, | ORDER DENYING REQUEST TO FILE A SECOND AMENDED COMPLAINT |
| vs. | (Doc. 20) |
| MATTHEW CATE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's December 6, 2010, request to file a second amended complaint.  (Doc. 20.)

**I.    Background**

Plaintiff is proceeding in this action on his first amended complaint filed February 2, 2010. By order filed November 23, 2010, the Court screened the amended complaint and found that it states a cognizable inadequate medical care claim against Defendant Villasayne and a cognizable retaliation claim against Defendant O'Brien.  However, as to the remaining claims and identified defendants, the Court found that Plaintiff's allegations failed to state a cognizable claim.  In addition, because Plaintiff had previously been granted leave to amend and was instructed at that time of the deficiencies in his original complaint, the Court dismissed Plaintiff's remaining claims without further leave to amend.

1

II.    **Motion for Reconsideration**

In his pending motion, Plaintiff requests that he be permitted to file a second amended complaint to further clarify his dismissed claims.  Plaintiff argues that certain facts in the amended complaint were either unclear or misunderstood.  In particular, Plaintiff contends that the Court failed to consider the inmate grievances and appeals Plaintiff filed against Defendant O'Brien.  (See Doc. 20 at 1-2.)

Because Plaintiff effectively requests the Court to reconsider its screening order wherein the Court denied Plaintiff further leave to amend, the Court construes the instant motion as one for reconsideration.  While the Court has the power to reconsider its own orders at any time prior to entry of judgment, United States v. Smith, 389 F.3d 944, 949 (9th Cir. 2004) (citing City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 888-89 (9th Cir. 2001)), Federal Rule of Civil Procedure 60(b)(6), which allows the Court to relieve a party from an order for any reason that justifies relief, "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  "[R]econsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).  It "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (emphasis in the original).

In this case, Plaintiff has failed to demonstrate extraordinary circumstances warranting reconsideration of the Court's screening order.  As an initial matter, Plaintiff has failed to comply with Local Rule 230(j), which requires a party seeking reconsideration to clearly specify what grounds exist for the motion.  In his motion, Plaintiff argues vaguely that the Court failed to consider his inmate grievances against Defendant O'Brien. However, Plaintiff fails to specify which inmate grievance he is referring to or which set of facts the Court allegedly failed to consider.  For this reason alone, Plaintiff's motion should be denied.

1    In any event, the Court fully considered all the inmate grievances filed by Plaintiff against

2    Defendant O'Brien.  Plaintiff attached two sets of inmate grievances to his amended complaint

3    pertaining to Defendant O'Brien.  The first set of inmate grievances was filed against Defendant

4    O'Brien on October 8, 2007.  (See Doc. 16 at 45-59.)  Plaintiff complains therein that on October

5    1, 2007, Defendant O'Brien: (1) failed to calculate his breathing measurements correctly; (2) told

6    other prison officials that Plaintiff was faking his illness, which caused an eight minute delay in

7    Plaintiff receiving medical treatment; and (3) asked Plaintiff to assume painful positions during a

8    subsequent medical examination.  (Id. at 45-47.)  The Court found these allegations insufficient in

9    demonstrating that Defendant O'Brien acted with deliberate indifference to Plaintiff's serious

10   medical needs.  (See Doc. 19 at 7-8.)  The Court explicitly explained that there were no facts

11   indicating that Defendant O'Brien intentionally miscalculated Plaintiff's breathing measurements;

12   no facts suggesting that the eight minute delay caused by Defendant O'Brien's comments led to a

13   worsening of Plaintiff's medical condition; and no facts indicating that Defendant O'Brien was

14   actually aware that Plaintiff suffered from a serious medica need.  (Id.)  As such, the Court found that

15   Plaintiff's allegations failed to state a cognizable inadequate medical care claim against Defendant

16   O'Brien.

17   Plaintiff's second set of inmate grievances against Defendant O'Brien was filed on March

18   7, 2008.  (See Doc. 16 at 60-69.)  Therein, Plaintiff accuses Defendant O'Brien of retaliating against

19   him for filing the first set of inmate grievances discussed above.  (Id. at 60.)  Plaintiff alleges that

20   as retaliation, Defendant O'Brien tampered with Plaintiff's medical files and hindered his ability to

21   see a doctor on one occasion.  (Id. at 62.)  The Court found that these allegations, when construed

22   liberally, stated a cognizable retaliation claim against Defendant O'Brien.  (Doc. 19 at 10.)  The

23   Court therefore authorized service of Plaintiff's amended complaint on Defendant O'Brien as to this

24   claim. (Doc. 18.)

25   Because the Court fully examined all of the allegations in the amended complaint, including

26   those contained in Plaintiff's inmate grievances and appeals filed against Defendant O'Brien,

27   Plaintiff's pending motion for reconsideration plainly lacks merit.  Accordingly, the motion should

28   be denied for this reason as well.

1

**III.**     **Conclusion**

2          For all the reasons set forth above, it is HEREBY ORDERED that Plaintiff's request to file

3   a second amended complaint, construed as a motion for reconsideration, (Doc. 20) is DENIED.

4

5   IT IS SO ORDERED.

6   Dated:   **December 9, 2010**                                        **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28