1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY TATE,                          Case No. 1:09-cv-00770 JLT (PC)

12              Plaintiff,                 ORDER DENYING MOTION FOR
                                           APPOINTMENT OF COUNSEL
13        vs.
                                           (Doc. 24)
14    MATTHEW CATE, et al.,

15              Defendants.

16    _____/

17        On December 17, 2010, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff

18    is advised that he does not have a constitutional right to appointed counsel in this action, Rand v.

19    Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to

20    represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for

21    the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional

22    circumstances, the Court may request the voluntary assistance of counsel pursuant to section

23    1915(e)(1).  Rand, 113 F.3d at 1525.  In determining whether "exceptional circumstances exist, a

24    district court must evaluate both the likelihood of success on the merits [and] the ability of the

25    [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

26    (internal quotations and citations omitted).

27        In the present case, the Court does not find the required exceptional circumstances.  Even

28    if it is assumed that Plaintiff is not well-versed in the law and that he has made serious

1

1    allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is

2    faced with similar cases almost daily.  Without a reasonable method of securing and

3    compensating counsel, the Court will seek volunteer counsel only in the most serious and

4    exceptional cases.  Further, at this early stage in the proceedings, the Court cannot make a

5    determination that Plaintiff is likely to succeed on the merits.  And, based on a review of the

6    record in this case, the Court does not find that Plaintiff is unable to adequately articulate his

7    claims.

8         Accordingly, Plaintiff's December 17, 2010, motion for the appointment of counsel (Doc.

9    24) is HEREBY DENIED.

10

11    IT IS SO ORDERED.

12    Dated:   **December 21, 2010**                                   **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28