IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TATE,<br><br>     Plaintiff,<br><br>     vs.<br><br>MATTHEW CATE, et al.,<br><br>     Defendants.<br>_____/ | Case No. 1:09-cv-00770 JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br>(Doc. 41)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR DEPOSITION INFORMATION<br><br>(Doc. 43) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has two motions pending before the Court.

**I.     MOTION FOR APPOINTMENT OF COUNSEL**

On May 6, 2011, Plaintiff filed a motion seeking appointment of counsel. (Doc. 41) This is the second motion Plaintiff has field in this regard. (Doc. 24) In its December 21, 2010 order denying appointment of counsel, the Court advised Plaintiff that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). (Doc. 25) Likewise, the Court notified Plaintiff that appointment of counsel may occur only in certain exceptional

circumstances. <u>Rand</u>, 113 F.3d at 1525. Finally, the Court told Plaintiff that the Court will appoint counsel only after evaluating "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotations and citations omitted).

Here, Plaintiff merely recites his belief that he is entitled to counsel in order to further based upon the constitutional rights of due process and equal protection. (Doc. 41) As the Court notified Plaintiff previously however, the Constitution *does not* guarantee him appointment of counsel in a civil litigation that he initiated. Moreover, the Court finds that this case is not one supporting a finding of exceptional circumstances. Accordingly, Plaintiff's second motion for appointment of counsel is **DENIED**.

## II.     REQUEST FOR DEPOSITION INFORMATION

On May 6, 2011, Plaintiff also filed a request for information regarding the time and manner in which he will be deposed by Defendants. Plaintiff is advised in this regard that the Court plays no role in scheduling the parties' depositions. This is a matter to be decided by the parties. Defendants, as the parties seeking the deposition in this case, are required to provide Plaintiff reasonable written notice as to when and where the deposition will take place. <u>See</u> Fed. R. Civ. P. 30(b)(1).

Accordingly, Plaintiff's request for deposition information will be denied.

## III.    CONCLUSION

In accordance with the above, it is **HEREBY ORDERED** that:

1.   Plaintiff's May 6, 2011 motion for appointment of counsel (Doc. 41) is **DENIED**; and

2.   Plaintiff's May 6, 2011 request for deposition information (Doc. 43) is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 11, 2011**                                         /s/ Jennifer L. Thurston
                                                               UNITED STATES MAGISTRATE JUDGE

2