1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  LARRY TATE,                                    Case No. 1:09-cv-00770 JLT (PC)

12        Plaintiff,                               ORDER DENYING IN PART PLAINTIFF'S
                                                   MOTION TO COMPEL
13        vs.
                                                   (Doc. 52)
14  MATTHEW CATE, et al.,

15        Defendants.

16  _____/

17        **I.    Background**

18        Plaintiff Larry Tate ("Plaintiff") is a prisoner in the custody of the California Department of

19  Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this

20  civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Cate,

21  Yates, Igbinosa, Villasayne, George, Shortnacy, O'Brien.  Pending before the Court is Plaintiff's motion

22  to compel, filed August 4, 2011.  (Doc. 52.)   Defendant filed his opposition on September 20, 2011.

23  (Doc. 56.)  The matter is submitted pursuant to Local Rule 230(1).

24        **II.   Motion To Compel**

25        **A.    Production Of Documents**

26        In responding to discovery requests for production of documents, Defendants must produce

27  documents which are in their "possession, custody or control." Fed.R.Civ.P. 34(a).  Actual possession,

28  custody or control is not required, however.  "A party may be ordered to produce a document in the

    possession of a non-party entity if that party has a legal right to obtain the document or has control over

1   the entity who is in possession of the document.  Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D.Cal.

2   1995).  Such documents also include documents under the control of the party's attorney.  Meeks v.

3   Parson, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D.Cal. September 18, 2009) (involving

4   a subpoena to the CDCR); Axler v. Scientific Ecology Group, Inc., 196 F.R.D. 210, 212 (D.Mass. 2000)

5   (A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody

6   or control."); Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ill. 1992).

7          On the other hand, "[a] court may refuse to order production of documents of public record that

8   are equally accessible to all parties." 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.12[5]

9   [b], at 34–53 (3d ed. 2011) (footnote omitted).  "However, production from the adverse party may be

10  ordered when it would be excessively burdensome . . . for the requesting party to obtain the documents

11  from the public source rather than from the opposing party." Id. (footnote omitted).

12         **B.     Analysis**

13         Plaintiff seeks to compel further responses to Requests For Production Of Documents No 1.

14         Request No. 1:   I request the second level response on 602# PVSP-B-00841, that is
           secured away from inmates, and for the information on any and all previous law suits.

15

16         Response:  Defendant objects to this request on the ground that it is vague, ambiguous,
           unintelligible, and compound.  Defendant further objects to this request to the extent that
           it seeks information protected by California Evidence Code Sections 1157 and 1157.6,

17         California Government Code Section 6254, and California Evidence Code §1040(b)(2).
           Defendant objects on the further ground that this involves a confidential staff inquiry that

18         is protected from disclosure pursuant to The Official Information Privilege.  Further, the
           request is objected to on the ground that, it seeks information that is neither relevant to

19         the subject matter of this case nor reasonably calculated to lead to the discovery of
           admissible evidence and seeks information protected by the attorney work product

20         doctrine and the attorney client privilege.

21  In his current motion, Plaintiff explains that he seeks all lawsuits filed against Defendant and the appeal

22  response so that he "can show that she is a foul person."  (Doc. 52)

23         First, as to the request for information related to the 602 grievance, it appears that Plaintiff is

24  seeking the confidential employment investigation that occurred related to his claim that Defendant

25  improperly changed his medication.  (Doc. 1 at 59) In this investigation, the CDCR determined "that

26  policy was violated" related to these claims.  Id.  However, it is unclear who violated the policy and

27  whether this policy violation bears on the liability issues in this case.  Therefore, within 14 days of the

28  date of service of this order, Defendant **SHALL** lodge an electronic copy of these documents with the

1   Court to JLTOrders@caed.uscourts.gov for the Court's in camera review.  Once this review is complete,

2   the Court will determine whether the document will be disclosed.

3       Second, as to the request for documents related to "any and all previous law suits," Plaintiff

4   asserts that he intends to present this evidence to demonstrate Defendant's history or prior pattern of bad

5   behavior.  (Doc. 52 at 1.)  Defendant contends that any past lawsuits have no relevance to this action and

6   that the request amounts, at most, to a search for inadmissible character evidence.  (Doc. 56 at 5.)  The

7   Court agrees.  In fact, Plaintiff admits that the only relevance of this information is to show that the

8   Defendant is "foul."  (Doc. 15) Because this constitutes inadmissible character evidence (Fed.R.Evid.

9   404(b)), the request in this regard does not seek information that is reasonable calculated to lead to

10  admissible evidence.  Therefore, Plaintiff's motion to compel further response to Request For Production

11  No. 1 is **DENIED IN PART**.

12      Plaintiff is advised that any future motion to compel must individually analyze each discovery

13  request and response and set forth arguments to explain how Defendants' objection to each request is

14  improper.   Plaintiff's motion to compel must notify Defendants how each response is deficient.

15  Specifically, the motion to compel must: 1) set forth the disputed request exactly as Plaintiff phrased it

16  in his original request, 2) set forth Defendants' response exactly as Defendants phrased it in their original

17  response, 3) address each objection made by Defendants and explain how each objection is improper,

18  and 4) explain how any documents produced by Defendants were deficient or were not produced in a

19  reasonable manner. Plaintiff may not simply file a motion to compel that identifies the discovery

20  requests in dispute and provide vague and general conclusions regarding the inadequacy of Defendants'

21  response.

22      **III.    Conclusion**

23      Based on the foregoing, it is **ORDERED**;

24      1.      Within 14 days of the date of service of this order, Defendant **SHALL** lodge with the

25              Court via JLTOrders@caed.uscourts.gov, an electronic copy of the investigation related

26              to the "policy violation" described in the second level review of Plaintiff's 602 grievance,

27              log number PVSP-B-00841.  Once the Court completes its in camera review, the Court

28

3

will determine whether the document will be disclosed;

2.     In all other respects, the motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 20, 2011**                                        **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE