IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TATE,<br><br>      Plaintiff,<br><br>   vs.<br><br>MATTHEW CATE, et al.,<br><br>      Defendants.<br>_____/ | Case No. 1:09-cv-00770 JLT (PC)<br><br>ORDER DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 52) |

**I.    Background**

Plaintiff Larry Tate ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Cate, Yates, Igbinosa, Villasayne, George, Shortnacy, O'Brien. Pending before the Court is Plaintiff's motion to compel, filed August 4, 2011. (Doc. 52.) Defendant filed his opposition on September 20, 2011. (Doc. 56.) The matter is submitted pursuant to Local Rule 230(1).

**II.    Motion To Compel**

**A.    Production Of Documents**

In responding to discovery requests for production of documents, Defendants must produce documents which are in their "possession, custody or control." Fed.R.Civ.P. 34(a). Actual possession, custody or control is not required, however. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over

the entity who is in possession of the document. Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D.Cal. 1995). Such documents also include documents under the control of the party's attorney. Meeks v. Parson, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D.Cal. September 18, 2009) (involving a subpoena to the CDCR); Axler v. Scientific Ecology Group, Inc., 196 F.R.D. 210, 212 (D.Mass. 2000) (A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control."); Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ill. 1992).

On the other hand, "[a] court may refuse to order production of documents of public record that are equally accessible to all parties." 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.12[5][b], at 34–53 (3d ed. 2011) (footnote omitted). "However, production from the adverse party may be ordered when it would be excessively burdensome . . . for the requesting party to obtain the documents from the public source rather than from the opposing party." Id. (footnote omitted).

**B.    Analysis**

Plaintiff seeks to compel further responses to Requests For Production Of Documents No 1.

Request No. 1:   I request the second level response on 602# PVSP-B-00841, that is secured away from inmates, and for the information on any and all previous law suits.

Response:  Defendant objects to this request on the ground that it is vague, ambiguous, unintelligible, and compound. Defendant further objects to this request to the extent that it seeks information protected by California Evidence Code Sections 1157 and 1157.6, California Government Code Section 6254, and California Evidence Code §1040(b)(2). Defendant objects on the further ground that this involves a confidential staff inquiry that is protected from disclosure pursuant to The Official Information Privilege. Further, the request is objected to on the ground that, it seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence and seeks information protected by the attorney work product doctrine and the attorney client privilege.

In his current motion, Plaintiff explains that he seeks all lawsuits filed against Defendant and the appeal response so that he "can show that she is a foul person." (Doc. 52)

First, as to the request for information related to the 602 grievance, it appears that Plaintiff is seeking the confidential employment investigation that occurred related to his claim that Defendant improperly changed his medication. (Doc. 1 at 59) In this investigation, the CDCR determined "that policy was violated" related to these claims. Id. However, it is unclear who violated the policy and whether this policy violation bears on the liability issues in this case. Therefore, within 14 days of the date of service of this order, Defendant **SHALL** lodge an electronic copy of these documents with the

1  Court to JLTOrders@caed.uscourts.gov for the Court's in camera review. Once this review is complete,
2  the Court will determine whether the document will be disclosed.

3       Second, as to the request for documents related to "any and all previous law suits," Plaintiff
4  asserts that he intends to present this evidence to demonstrate Defendant's history or prior pattern of bad
5  behavior. (Doc. 52 at 1.) Defendant contends that any past lawsuits have no relevance to this action and
6  that the request amounts, at most, to a search for inadmissible character evidence. (Doc. 56 at 5.) The
7  Court agrees. In fact, Plaintiff admits that the only relevance of this information is to show that the
8  Defendant is "foul." (Doc. 15) Because this constitutes inadmissible character evidence (Fed.R.Evid.
9  404(b)), the request in this regard does not seek information that is reasonable calculated to lead to
10 admissible evidence. Therefore, Plaintiff's motion to compel further response to Request For Production
11 No. 1 is **DENIED IN PART**.

12      Plaintiff is advised that any future motion to compel must individually analyze each discovery
13 request and response and set forth arguments to explain how Defendants' objection to each request is
14 improper. Plaintiff's motion to compel must notify Defendants how each response is deficient.
15 Specifically, the motion to compel must: 1) set forth the disputed request exactly as Plaintiff phrased it
16 in his original request, 2) set forth Defendants' response exactly as Defendants phrased it in their original
17 response, 3) address each objection made by Defendants and explain how each objection is improper,
18 and 4) explain how any documents produced by Defendants were deficient or were not produced in a
19 reasonable manner. Plaintiff may not simply file a motion to compel that identifies the discovery
20 requests in dispute and provide vague and general conclusions regarding the inadequacy of Defendants'
21 response.

22     **III.   Conclusion**
23 Based on the foregoing, it is **ORDERED**;
24     1.    Within 14 days of the date of service of this order, Defendant **SHALL** lodge with the
25           Court via JLTOrders@caed.uscourts.gov, an electronic copy of the investigation related
26           to the "policy violation" described in the second level review of Plaintiff's 602 grievance,
27           log number PVSP-B-00841. Once the Court completes its in camera review, the Court
28

1 | will determine whether the document will be disclosed;
2 |    2.    In all other respects, the motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 20, 2011**                                        /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE