IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TATE,<br><br>       Plaintiff,<br><br>   vs.<br><br>MATTHEW CATE, et al.,<br><br>       Defendants.<br>_____ / | Case No. 1:09-cv-00770 JLT (PC)<br><br>FURTHER ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 52) |

**I.   Background**

Plaintiff Larry Tate ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Villasayne and O'Brien only.[1]  Pending before the Court is Plaintiff's motion to compel, filed August 4, 2011. (Doc. 52.)

On October 20, 2011, the Court issued its order on the motion to compel denying it except to the extent that the Court ordered Defendants to lodge a copy of a confidential employment investigation relating to a grievance Plaintiff filed. Promptly, Defendants complied and the Court has conducted its in camera review. After reviewing the document, the Court concludes that it is discoverable, at least in

---

[1] In its October 20, 2011 order, the Court erroneously indicated that the matter was proceeding against Cate, Yates, Igbinosa, George and Shortnacy. In fact, these defendants were dismissed from the litigation nearly a year ago. (Doc. 23)

part, and will order Defendants to produce a redacted copy of the report. Thus, to this extent, Plaintiff's motion to compel production of documents is **GRANTED IN PART**.

## II.     Motion To Compel

### A.     Production Of Documents

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure. In relevant part, Rule 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "This broad right of discovery is based on the general principal that litigants have a right to 'every man's evidence' . . . and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993), quoting *United States v. Bryan*, 339 U.S. 323, 331 (1950) (internal citation omitted).

A party propounding the request may seek documents "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed.R.Civ.P. 34(b). A request is sufficiently clear and unambiguous if it "places the party upon 'reasonable notice of what is called for and what is not.'" Kidwiler v. Progressive Paloverde Ins. Co., 192. F.R.D. 193, 202 (N.D. W. Va. 2000), quoting Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408, 412 (M.D.N.C. 1992); see also 2 Schwarzer, Tashima

& Wagstaffe, Federal Civil Procedure Before Trial (2003) Discovery, para. 11:1886 (test is whether a respondent of average intelligence would know what items to produce).

**B.    Analysis**

Plaintiff seeks to compel further responses to Requests For Production Of Documents No 1.

Request No. 1:   I request the second level response on 602# PVSP-B-00841, that is secured away from inmates, and for the information on any and all previous law suits.

Response:  Defendant objects to this request on the ground that it is vague, ambiguous, unintelligible, and compound.  Defendant further objects to this request to the extent that it seeks information protected by California Evidence Code Sections 1157 and 1157.6, California Government Code Section 6254, and California Evidence Code §1040(b)(2). Defendant objects on the further ground that this involves a confidential staff inquiry that is protected from disclosure pursuant to The Official Information Privilege.  Further, the request is objected to on the ground that, it seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence and seeks information protected by the attorney work product doctrine and the attorney client privilege.

It appears that Plaintiff is seeking the confidential employment investigation that occurred related to his claim that Defendant improperly changed his medication. (Doc. 1 at 59) After reviewing the document, it is clear that the investigation concerned acts at the very heart of this litigation and it is relevant to liability in this case.  Though the Court does not find, at this time, that the document will be admissible at trial, the contents of the investigation bear on the liability questions and is, therefore, relevant.

**C.    Defendants' objections to production of the documents.**

Defendants objected to production of these documents on several grounds.

**1.    The official information privilege (Cal. Evid. Code § 1040)**

Under federal law, government personnel files are considered official information and carry a qualified privilege against disclosure. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir.1990).  The purpose of the official information privilege is provide for disclosure of discoverable information without compromising the state's interest in protecting the privacy of law enforcement officers and in ensuring the efficacy of its law enforcement system. Kelly v. City of San Jose, 114 F.R.D. 653, 662-63 (N.D. Cal. 1987). "In the context of civil rights suits against police departments, this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" Soto v. City of

1  Concord, 162 F.R.D. 603, 613 (N.D. Ca. 1995) (quoting Kelly, 114 F.R.D. at 661). Whether personnel
2  files are privileged depends upon the balance of "potential benefits of disclosure against potential
3  disadvantages; if the latter is greater, the official information privilege may bar discovery." Miller v.
4  Pancucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992). Because "privileges operate in derogation of the truth
5  finding process the law places the burden of proving all elements essential to invoking any privilege on
6  the party seeking its benefits." Kelly, at 662; Fed. R. Civ. P. 26(b)(5).

7  To invoke the official information privilege the party opposing discovery must, in addition to a privilege log, submit an affidavit from an official of the agency in control of the materials sought addressing the following concerns:

> 1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

Kelly, at 670. The reason for requiring this showing is to provide the court with the necessary information to weigh the competing interests. The more specific the affidavit, the better it assists the Court. Id.

Notably, in their response to Plaintiff's request for production of documents, Defendants failed to produce a privilege log and failed to provide a declaration from an official in charge of the materials. Instead, in opposition to this motion, Defendants provide the declaration of Toni Clarke. This fails to satisfy the requirements of the official information privilege.

However, even if this late-provided declaration was sufficient, it fails to state with particularity the governmental privacy interests that would be threatened by the disclosure. At most, Ms. Clarke indicates that the disclosure would reveal the identities of "confidential sources, including law enforcement and prison staff, as well as other witnesses." (Doc. 56-1 at 2) Clearly Ms. Clarke is mistaken because there are no law enforcement officers identified as witnesses in the investigation, the investigation was not conducted by a law enforcement officer and, indeed, no law enforcement officer

4

is even mentioned in the report. Id. Though disclosure of the report would identify the prison staff members who were interviewed, there is no showing how or why disclosure of the report would chill witness participation in future investigations. Ms. Clarke expresses concern that disclosure of the material could lead to retaliation by inmates or that the report could be a basis for extortion, threats or coercion against correctional officers.[2] Id. In any event, the Court finds absolutely no likelihood that these risks would be present if the disclosure occurred.[3] Rather than inciting retaliation, disclosure of the report should engender trust that medical professionals will not cover up the mistakes of others. Likewise, because no correctional officer is even mentioned in the report, there appears to be no risk–or at least no risk that was explained–of extortion, coercion or threats against correctional officers if the report is disclosed.

Ms. Clarke indicates that a protective order would ameliorate risks but, in doing so, she requests that the names of all witnesses be redacted, no copy of the document be provided to Plaintiff and that he be barred from disclosing the content of the matter outside of this litigation. (Doc. 56-1 at 2) Once again, why these actions should occur is not explained by Ms. Clarke.

Consequently, the Court finds that the failure to provide a privilege log and a declaration contemporaneous to the response to the discovery, waived the privilege and, therefore, the objection is **OVERRULED**. Moreover, even if the objection is considered on its merits, for the reasons set forth, the Court **OVERRULES** the objection.

**2.      Confidentiality of peer review material (Cal. Evid. Code §§ 1157, 1157.6)**

California Evidence Code § 1157(a) reads,

> **Neither the proceedings nor the records of organized committees** of medical, medical-dental, podiatric, registered dietitian, psychological, marriage and family therapist, licensed clinical social worker, or veterinary staffs in hospitals, **or of a peer review body,** as defined in Section 805 of the Business and Professions Code, **having the responsibility of evaluation and improvement of the quality of care rendered in the hospital, or for that peer review body, or medical** or dental **review** or dental hygienist review or chiropractic review or podiatric review or registered dietitian review or veterinary review or acupuncturist review committees of local medical, dental, dental hygienist, podiatric, dietetic, veterinary, acupuncture, or chiropractic societies, marriage

---

[2] Because this statement smacks of boilerplate and seems to be completely divorced from the situation at hand, the Court is concerned that Ms. Clarke failed to review the document at issue, though she claims she had done so.

[3] For example, Ms. Clarke expresses concern about disclosure of staff discipline could impact privacy rights. However, *no staff discipline was even mentioned in the report nor was there any indication that discipline would occur*.

5

> and family therapist, licensed clinical social worker, or psychological review committees of state or local marriage and family therapist, state or local licensed clinical social worker, or state or local psychological associations or societies having the responsibility of evaluation and improvement of the quality of care, **shall be subject to discovery**.

Defendants make little attempt to demonstrate how this section applies. There is no showing that the document was prepared for the purpose of quality control in the provision of medical care. The document itself is entitled "Confidential Supplement to Appeal "Appeal Inquiry." The investigator was not a medical professional but a Correctional Counselor. Though the report contains some critique about how Defendant O'Brien completed a document related to a request for medical care, there is no critique of any medical care that she–or anyone else–provided. Thus, the Court finds that the document is not protected by California Evidence Code § 1157 and the objection based thereon is **OVERRULED**.

Likewise, California Evidence Code § 1157.6 reads,

> Neither the proceedings nor the records of a committee established in compliance with Sections 4070 and 5624 of the Welfare and Institutions Code **having the responsibility of evaluation and improvement of the quality of mental health care rendered in county operated and contracted mental health facilities** shall be subject to discovery.

(Emphasis added) Once again, Defendants fail to demonstrate how this privilege applies here. From the Court's review, it appears that the care sought by Plaintiff was not related to his mental health and the care sought was not from a county operated facility. Thus, the objection to the production of documents on this basis is **OVERRULED**.

### 3.    Exemptions from disclosure (Cal. Gov. Code § 6254)

Defendants contend that California law "exempts personnel files from the state's public records law" and cite California Government Code § 6254 to support this proposition. However, California Government Code § 6254(c) prevents the disclosure of "Personnel, medical, or similar files" only if "the disclosure . . . would constitute an unwarranted invasion of personal privacy." Once again, here there is no showing that disclosure of this investigative report would constitute an unwarranted invasion of personal privacy.[4] Thus, the objection to the production of documents on this basis is **OVERRULED**.

///

---

[4] Because the objections based upon Penal Code § 832.7 was not made in the response to the request for production of documents and because there is no showing that Defendant O'Brien was a peace officer, the Court has no occasion to discuss whether this section would support Defendants' position taken here.

1 **III.    Conclusion**

2        Based on the foregoing, it is **ORDERED**;

3        1.    Plaintiff's motion to compel is **GRANTED IN PART**;

4        2.    Within 10 days of the date of service of this order, Defendants SHALL produce a redacted copy of the document produced to the Court;

6        3.    Therefore, the document SHALL be redacted as follows:

7              a.    Page one, paragraph entitled, "Documentation Reviewed": the second full sentence of the SHALL be redacted. This includes the matter following the phrase "in his Neurontin medication" and before the phrase "Not only was the form not completed . . .";

11             b.    Page two, paragraph entitled, "Interview of S. Evans, Supervising Registered Nurse II": the matter following the phrase "Departmental policy" and before the phrase "by not processing the CDC 7362 correctly" SHALL be redacted;

14             c.    Page two, paragraph entitled "Meeting with Medical Department": the matter following the phrase "indicating LVN O'Brien's actions" and before the phrase "violated Department policy . . ." SHALL be redacted;

17             d.    Page two, section entitled "Subject Interview of V. O'Brien, Licensed Vocation Nurse," second paragraph: the matter following the phrase "to see the physician" and before the phrase "LVN O'Brien denied any involvement . . ." SHALL be redacted;

21             e.    Page three, section entitled "Conclusion," first paragraph: the matter following the phrase "disclosed evidence LVN O'Brien" and before "violated California Department of Corrections . . ." SHALL be redacted.

24       4.    Plaintiff is **ORDERED** to maintain the confidentiality of the report. He is not to show the report to any inmate or anyone else not directly involved in this litigation or to discuss the contents of the report with anyone outside of this litigation.

27 ///

28 ///

7

5. **Plaintiff is admonished that his failure to comply with the Court's order SHALL subject him to sanctions for contempt, up to and including dismissal of this action.**

IT IS SO ORDERED.

Dated: **October 25, 2011**                                         /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE