IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TATE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants.<br>_____ | Case No.: 1:09-cv-00770 JLT<br><br>ORDER TO SHOW CAUSE TO PLAINTIFF WHY DEFENDANT VILLASAYNE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FROM THIS LAWSUIT |

On December 27, 2010, the Court ordered the United States Marshal to serve Defendant Villasayne with the summons and complaint. (Doc. 27) On February 17, 2011, the Marshal returned the summons unexecuted. (Doc, 28) The CDCR reported that Defendant Villasayne was a "contract doctor" and had no record where he could be served. Id. On February 28, 2011, the Court, again, ordered the Marshal to serve this defendant via Legal Affairs of the CDCR. (Doc. 29)

On June 23, 2011, the Marshal reported that they had not been able to serve Defendant Villasayne and, once again, returned the summons unexecuted. (Doc. 51) The Marshal attempted personal service three times but was not able to serve this Defendant. Id.

According to Fed. R. Civ. P. 4,

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time. **But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.**

1

(Emphasis added.)  Rule 4(m) "encourages efficient litigation by minimizing the time between the commencement of an action and service of process." Electric Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 311 (9th Cir. 1992) (addressing former F. R. Civ. P. 4(j).)

      This matter has been pending for nearly three years.  The Marshal has made diligent effort but has been unable to serve Defendant Villasayne.

**ORDER**

      Therefore, on its own motion, the Court **ORDERS**,

1. Within 21 days of the date of service of this order, Plaintiff SHALL show cause why Defendant Villasayne should not be dismissed without prejudice from this lawsuit;
2. Alternatively, Plaintiff SHALL notify the Court that he chooses to proceed in lawsuit only against those defendants who have been served.

**<u>Plaintiff is advised that his failure to comply with this order will result in the Court dismissing this defendant without prejudice.</u>**

IT IS SO ORDERED.

Dated:  **February 2, 2012**                              **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE