IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| LARRY TATE,<br><br>                 Plaintiff,<br><br>          vs.<br><br>MATTHEW CATE, et al.,<br><br>                 Defendants. | Case No. 1:09-cv-00770 JLT (PC)<br><br>ORDER DISMISSING DEFENDANT VILLASAYNE WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDERS |
|---|---|

Larry Tate ("Plaintiff") commenced this action on April 30, 2009 (Doc. 1). On February 2, 2012 this Court issued an Order to Show Cause to Plaintiff to show why Defedant Villasayne should not be dismissed without prejudice from the lawsuit or, alternatively, to notify the Court that he chooses to proceed only against the defendants who have been served. (Doc. 61).

The Court's Order to Show Cause was based on the fact that the United States Marshal was unable to serve Defendant Villasayne on three separate dates between December 2010 and June 2011: each time the summons were returned unexecuted. (Docs. 27-28).

The order advised Plaintiff that his "failure to comply with the order will result in the Court dismissing this defendant without prejudice." (Doc. 61). Plaintiff was ordered to respond to the Court's order within twenty-one days of service, or by February 24, 2012. *Id.* at 2. To date, Plaintiff has not complied with or otherwise responded to the Court's order.

///

1

**I.   Rule 4(m)**

The Federal Rules of Civil Procedure set forth the standards for commencing an action and for service. Rule 4(m) requires a defendant to be served within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). Thus, defendants should have been served by December 21, 2010. When service of the summons and complaint is not made within the specified time, federal district courts have the authority to dismiss an action *sua sponte* without prejudice, after notice to the plaintiff. *Id.*

**II.   Failure to prosecute and obey the Court's orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**III.   Discussion and Analysis**

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also

1 weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable
2 delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

3    Finally, the Court's warning to Plaintiff that failure to obey the order would result in dismissal
4 satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262;
5 *Henderson*, 779 F.2d at 1424. The Order to Show Cause clearly advised Plaintiff of his obligation to
6 give the Court reasons why Defendant Villasayne should not be dismissed. (*See* Doc. 61 at 2).
7 Likewise, Plaintiff was notified that dismissal of Defendant Villasayne might result for failure to comply
8 with the Court's order. *Id.* Thus, Plaintiff had adequate warning that dismissal of Defendant Villasayne
9 would result from his noncompliance with the Court's order. Given these facts and the fact that Plaintiff
10 has not engaged in this action in any manner since the Court issued its February 2, 2012 Order to Show
11 Cause, the Court finds the policy favoring disposition of cases on their merits is outweighed by the
12 factors in favor of dismissal.

13    Accordingly, **IT IS HEREBY ORDERED** that Defendant Villasayne is **DISMISSED**
14 **WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and failure to obey the Court's orders of
15 February 2, 2012. (Doc. 61).

17 IT IS SO ORDERED.

18 Dated:   **February 28, 2012**                    /s/ Jennifer L. Thurston
                                                     UNITED STATES MAGISTRATE JUDGE